# Exhibit B

Eli Lilly and Company

Lilly Corporate Center
Indianapolis, Indiana 46285
U.S.A.
+1.317.276.2000
www.lilly.com

June 1, 2026

Stephen Harris
SVP Payor and Government Affairs
Maja G. Gift
Vice President Pharmacy
Tampa General Hospital
1 Tampa General Circle
Tampa, FL 33606

**RE:** ***Final Notice: 340B Ceiling Price Inaccessibility Imminent***

Dear Tampa General Hospital:

Despite our repeated outreach, we have not yet received the in-house claims data from your organization that is required as a condition of Lilly's 340B ceiling price offer. As outlined in our previous communications, complete and accurate claims-data submission is a condition of Lilly's offer to sell its products at 340B ceiling prices. To accept Lilly's offer and maintain access to 340B pricing, you must submit your outstanding data within 5 business days of the date of this letter. If you fail to submit the required data within that time, Lilly will assume that you have chosen to reject Lilly's 340B offer and, given that choice, will notify wholesalers that 340B pricing for Lilly products is no longer accessible to your entity until the outstanding claims data is submitted.

For over four months, Lilly has tried in good faith to communicate with you about the required claims data, initially with our January 15 announcement. When you failed to upload claims data as required, we sent follow-up letters dated March 20 and April 15 reminding you of this obligation. Then on May 4, we emailed your entity[1] offering to set up a meeting with Lilly employees to learn why you had not submitted the required claims data and to discuss any implementation concerns. We hoped that conversation would lead to a constructive dialogue about reasonable and workable solutions.

You declined to meet. In an email on May 8, you raised a single substantive objection—that the requirement is operationally and technologically burdensome—while asking about the data elements required and their use, the safeguards governing the data, its retention and any third-party

[1] Emails were sent to: dnguyen@tgh.org; dshamblin@tgh.org; mderobertiscosta@tgh.org; mgift@tgh.org; rdocobo@tgh.org; robertwood@tgh.org.

access, and the requirement's alignment with the guidance of the Health Resources and Services Administration (HRSA) and the 340B statute. While your response suggested you were "open to engaging in further discussion," you declined to meet with Lilly to have such a discussion.

Your burden objection does not withstand scrutiny. The data Lilly seeks is standard, de-identified claims data—the same information you already transmit every day to commercial insurers, Medicare, and Medicaid in order to be paid, and that you must maintain to demonstrate your own 340B compliance. Roughly seventy percent of the covered entities that purchase Lilly medicines—approximately 2,350 entities—are submitting it, and Lilly has received nearly 800,000 in-house claims. Compliance spans every entity type—including many with far fewer resources than Tampa General—and a majority of disproportionate share hospitals have submitted data as well. That your systems lack "out-of-the-box" functionality is no excuse: the entities that have accepted Lilly's offer have found a way to submit data to the 340B ESP platform, exactly as you can, and you have identified no obstacle that does not apply equally to the thousands of smaller, less-resourced entities submitting without complaint.

Tellingly, your organization has submitted no claims at all—not a partial or delayed submission, but none—even as it continues to purchase millions of dollars of Lilly medicines at 340B prices. That is the profile of a refusal, not of an entity laboring in good faith toward compliance. And to the extent your email raised questions rather than objections, Lilly has already answered them. On May 13, Lilly explained, in writing, the specific data elements at issue and their limited use for duplicate-discount prevention, that data is de-identified before submission, how the data is handled and accessed, and why the requirement is consistent with the 340B statute, decades of HRSA guidance, and controlling appellate authority.[2] More than two weeks have passed since Lilly provided those answers. You have neither replied nor submitted any data.

Your assertion that you are "not rejecting" Lilly's offer cannot be squared with your conduct. A covered entity accepts Lilly's offer by submitting the required claims data; it does not accept by declining a request to meet and submitting nothing. Whatever its label, that course is in substance a rejection of Lilly's 340B offer. Unless Lilly receives your outstanding claims data within five business days, we will have no choice but to treat your response as a rejection and to notify wholesalers accordingly.

Lilly values its relationship with you and hopes to continue to work with you. If you, like thousands of other covered entities, wish to accept Lilly's offer for 340B pricing by providing claims data, your organization must:

1. Complete registration at www.340BESP.com if not already done;

---

[2] 59 Fed. Reg. 25,110, 25,114 (May 13, 1994) (HRSA guidance that manufacturers may "request standard information" as a condition of the 340B offer); *see Sanofi Aventis U.S. LLC v. U.S. Dep't of Health & Hum. Servs*, 58 F.4th 696, 703 (3d Cir. 2023); *Novartis Pharms. Corp. v. Johnson*, 102 F.4th 452, 462–63 (D.C. Cir. 2024).

2. Submit all outstanding claims data in full through the 340B ESP™ platform; and
3. Immediately notify Lilly at 340B@lilly.com once your submission is complete so we can confirm receipt.

For urgent registration and upload assistance, please contact Second Sight Solutions at 888-398-5520. If you believe your organization qualifies for an exemption or have extenuating circumstances you would like to bring to our attention, please contact us immediately at 340B@lilly.com.

Sincerely,

Derek Asay
Senior Vice President
Government Strategy and Federal Accounts
Eli Lilly and Company

cc: mgift@tgh.org; robertwood@tgh.org; smharris@tgh.org