**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

FLORIDA HEALTH SCIENCES
CENTER, INC. d/b/a TAMPA
GENERAL HOSPITAL,

Plaintiff,

v. Case No. 8:26-cv-01918

ELI LILLY AND COMPANY;
and LILLY USA, LLC,

Defendants.
_________________________________/

**UNOPPOSED MOTION OF WASHINGTON LEGAL FOUNDATION FOR LEAVE TO FILE AMICUS CURIAE BRIEF SUPPORTING DEFENDANTS' MOTION TO DISMISS**

For the reasons in the accompanying memorandum, proposed amicus curiae Washington Legal Foundation respectfully moves this Court for leave to file an amicus brief supporting Defendants' motion to dismiss the complaint of Florida Health Sciences Center, Inc. d/b/a Tampa General Hospital. No party opposes this motion.

Dated: September 22, 2026

Respectfully submitted,

/s/ Cory L. Andrews
Cory L. Andrews, Bar No. 25677
WASHINGTON LEGAL FOUNDATION
2009 Massachusetts Ave., NW
Washington, DC 20036
(202) 588-0302
candrews@wlf.org

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

FLORIDA HEALTH SCIENCES
CENTER, INC. d/b/a TAMPA
GENERAL HOSPITAL,

Plaintiff,

v. Case No. 8:26-cv-01918

ELI LILLY AND COMPANY;
and LILLY USA, LLC,

Defendants.
________________________________/

**MEMORANDUM IN SUPPORT OF WASHINGTON LEGAL FOUNDATION'S UNOPPOSED MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF SUPPORTING DEFENDANTS' MOTION TO DISMISS**

Under Local Rule 3.01(b), proposed amicus curiae Washington Legal Foundation submits this memorandum in support of its motion for leave to file an amicus curiae brief supporting Defendants' motion to dismiss. The Court should grant the unopposed motion for the reasons set forth below.

District courts have broad discretion to permit amicus briefing where the proposed amicus offers a bona fide interest in a case's subject matter and can assist the court in resolving legal issues affecting the litigation. *See Fishing Rights Alliance, Inc. v. Pritzker*, Case No. 8:15-cv-1254, 2016 WL 11491618 at *3 (M.D. Fla. June 8, 2016) ("The district court . . . has the inherent authority

to appoint amici curiae, or 'friends of the court,' to assist in a proceeding") (internal citations and quotation marks omitted).

In exercising that discretion, courts in this Circuit often look to Federal Rule of Appellate Procedure 29 and "typically grant amicus status where [amici] contribute to the court's understanding of the matter in question by proffering timely and useful information." *Ga. Aquarium, Inc. v. Pritzker*, 135 F. Supp. 3d 1280, 1288 (N.D. Ga. 2015) (internal citations and quotation marks omitted). Rule 29 permits leave to file an amicus brief when "the court is satisfied as to the movant's interest and the reasons why an amicus brief would be desirable and relevant to the disposition of the case." *CFPB v. Ocwen Fin. Corp.*, No. 9:17-cv-80495, 2018 WL 3368746 at *1 (S.D. Fla. July 6, 2018).

Leave should be granted here because WLF has a substantial interest in the issues presented and offers perspectives and authorities that will assist the Court in resolving an important question about the administration and enforcement of the federal 340B Drug Pricing Program.

First, WLF has specialized interest in this case based on its extensive involvement with the 340B program through past litigation, amicus advocacy, and scholarly publications. WLF is a nonprofit, public-interest law firm and policy center dedicated to promoting free enterprise, individual rights, limited government, and the rule of law. To that end, it regularly appears as amicus curiae in cases involving administration of the 340B program, urging courts to

adhere to the program's statutory framework. *See, e.g., Novartis Pharms. Corp. v. Johnson*, 102 F.4th 452 (D.C. Cir. 2024); *Sanofi Aventis U.S. LLC v. U.S. Dep't of HHS*, 58 F.4th 696 (3d Cir. 2023). WLF appeared as amicus curiae in *Astra USA, Inc. v. Santa Clara County*, 563 U.S. 110 (2011), its proposed brief's cornerstone authority. WLF also has published substantial scholarship on legal issues affecting the 340B program. *See, e.g.*, Glenn Lammi, *HHS Must End Unauthorized Administration of 340B Drug-Discount Program* (WLF Legal Pulse, Nov. 19, 2024); Heath Ingram, *et al.*, *HRSA Takes Additional Measures to Enforce Unclear, Inconsistent 340B Contract Pharmacy Requirements* (WLF Legal Pulse, Sept. 30, 2021).

WLF thus brings a specialized perspective that may aid the Court in considering Plaintiff's complaint and Defendants' motion. *SLF Holdings, LLC v. Uniti Fiber Holdings, Inc.*, No. 1:19-cv-00333, 2019 WL 13217861 at *1 n.1 (S.D. Ala. Sept. 26, 2019) (noting that amicus briefs are "typically allowed when the *amicus* has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide") (internal citation and quotation marks omitted).

Second, WLF's brief addresses not just a relevant, but a significant, threshold legal question: whether a covered entity may invoke state-law causes of action to enforce 340B pricing when Congress decided against creating a private right of action in the 340B statute. The brief explains why the Supreme

Court's decision in *Astra* bars state-law theories that would circumvent Congress's decision to vest enforcement of the 340B program exclusively in the Department of Health and Human Services. It also addresses the consequences of supplanting Congress's exclusive enforcement regime with state-law claims. Apart from these issues, the brief further explains how federal law permits the claims-data conditions disputed in Plaintiff's complaint and why claims data is essential to ensuring program integrity. The brief advances these arguments through additional citations and "ideas, arguments, theories, [and] insights . . . that are not [ ] found in the parties briefs." *Chavez v. Credit Nation Auto Sales, Inc.*, No. 1:13-cv-00312, 2014 WL 12780146 at *2-3 (N.D. Ga. June 5, 2014) (explaining that amicus briefs are proper in such circumstances even if "it cannot be said" that the parties are "inadequately represented by counsel") (internal citation and quotation marks omitted).

Third, WLF's amicus brief is desirable because the issues in this case extend beyond the interests of the parties. *See SLF Holdings, LLC*, 2019 WL 13217861 at *1 n.1 (explaining that "[t]he role of an *amicus* is to assist the court in cases of general public interest . . . by insuring a complete and plenary presentation of difficult issues so that the court may reach a proper decision") (internal citations and quotation marks omitted). The 340B program applies to tens of thousands of covered entities nationwide and, in 2025, accounted for more than $100 billion in prescription-drug purchases. *See* HRSA, *2025 340B*

*Covered Entity Purchases* (July 2026), https://perma.cc/5HPU-ADYH. The legal questions at stake thus carry significant implications for covered entities, drug manufacturers, and HHS, which administers the program.

Fourth, granting leave will not delay proceedings or prejudice any party. WLF submits its proposed brief one day after Defendants' motion to dismiss and with the consent of all parties, ensuring that the Court and the parties have the benefit of the brief without affecting further briefing deadlines.

For these reasons, WLF asks the Court to grant it leave to file the accompanying amicus brief. An executed copy of the proposed brief is attached as Exhibit A.

**LOCAL RULE 3.01(g) CERTIFICATE**

Under Local Rule 3.01(g)(2), counsel for Washington Legal Foundation has conferred with counsel for Plaintiff and counsel for Defendants about this motion. No party opposes the relief requested.

Dated: September 22, 2026

Respectfully submitted,

/s/ Cory L. Andrews
Cory L. Andrews, Bar No. 25677
WASHINGTON LEGAL FOUNDATION
2009 Massachusetts Ave., NW
Washington, DC 20036
(202) 588-0302
candrews@wlf.org

## CERTIFICATE OF SERVICE

I certify that on September 22, 2026, I filed this motion and memorandum, including its Exhibit A, with the Clerk of the Court for the United States District Court for the Middle District of Florida using the CM/ECF system. All participants in this case are registered CM/ECF users, and service will be accomplished by the CM/ECF system.

/s/ Cory L. Andrews
Cory L. Andrews

September 22, 2026