**THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

FLORIDA HEALTH SCIENCES CENTER, INC. d/b/a/ TAMPA GENERAL HOSPITAL,

Plaintiff,

v.

ELI LILLY AND COMPANY; and LILLY USA, LLC,

Defendants.

Case No. 8:26-cv-01918

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S CONDITIONAL MOTION FOR LEAVE TO AMEND COMPLAINT**

TGH's conditional motion for leave to amend its Complaint should be denied for several reasons.

*First*, TGH's "conditional motion" is procedurally improper. TGH already had one chance to amend as of right after Lilly served its Motion to Dismiss. *See* Fed. R. Civ. P. 15(a)(1). After declining to do so, TGH cannot now seek "conditional" leave to amend without even explaining how it could overcome the substantive defects Lilly has identified. Indeed, *Blow v. Carnival Corporation*—the same case cited in TGH's motion at 6—recognizes as much. 674 F. Supp. 3d 1239, 1255 (S.D. Fla. 2023). There, plaintiffs sought conditional leave to amend. *Id.* The court explained that "Plaintiffs' method of requesting amendment—seeking leave to amend without

identifying the intended amendments, and doing so only in the event the Court issues an adverse ruling—is improper." *Id.* (citing *Avena v. Imperial Salon & Spa, Inc.*, 740 F. App'x 679, 683 (11th Cir. 2018) (rejecting, as "improper," a request for leave to amend that "neither contained a proposed amendment, nor did it elaborate on the substance of the proposed amendment")). TGH employs the same "procedurally improper method," *Blow,* 674 F. Supp. 3d at 1255, seeking leave to amend Counts I and II while claiming "it is impracticable for TGH to supply the substance of its amendment," Mot. 5. As in *Blow*, that method should be rejected.

*Second*, no amendment can save Counts I and II. "Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed." *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007). That is the case here. Lilly's Motion to Dismiss raised more than just a lack of factual allegations. It identified multiple legal bars to TGH's claims, including *Astra USA, Inc. v. Santa Clara County*, 563 U.S. 110 (2011), preemption, intergovernmental immunity, and FDUTPA's safe harbor. All of these legal obstacles arise because TGH seeks to enforce "Section 340B's pricing mandate." Compl. ¶ 9. Enforcement of § 340B is the *defining* feature of these counts. *See* Mot. to Dismiss 12–13 (cataloguing repeated statements in the Complaint demonstrating that TGH's claims seek to enforce § 340B). And if the Court agrees with Lilly on that point, TGH cannot fix the problem by repleading or "adapting the substance" of its Complaint "to the Court's express reasoning." Mot. 5. TGH's suit "to enforce §340B" cannot proceed, "no matter the clothing in which [they] dress their claims." *Astra*, 563 U.S. at 114.

Courts within this Circuit routinely deny leave to amend under similar circumstances. In *Beegle v. Malinowski*, after holding that the plaintiff's "state law claim" was "preempted," the court denied as "futile" plaintiff's request to "amend his Complaint to properly allege a state law claim that falls outside the scope of complete preemption." No. 1:24-cv-02665-TRJ, 2025 WL 5322450, at *3 (N.D. Ga. May 6, 2025). In *Horwitz v. Horwitz*, the court denied leave to amend where plaintiff's claims were preempted and her "attempt to recast her claims in the proposed amendment fares no better at surviving preemption than her original complaint." No. 1:19-CV-01862-AT, 2020 WL 13568116, at *3 (N.D. Ga. Aug. 25, 2020). And in *Parks v. Howmedica Osteonics Corp.*, the court likewise denied leave to amend, explaining that "[h]aving found the claims preempted . . . amendment would prove futile." No. 8:15-CV-0075-MSS-MAP, 2016 WL 7220707, at *16 (M.D. Fla. Mar. 11, 2016). In so doing, the court emphasized its finding that the Plaintiff's "claims should be dismissed on *substantive* as opposed to *procedural* grounds." *Id.* (emphasis added). So, if the Court grants Lilly's Motion to Dismiss, which identifies numerous substantive deficiencies in the Complaint, denying leave to amend on futility grounds would be routine.

*Third*, TGH's "proposed amended Count III," Mot. 7, should likewise be rejected on futility grounds. TGH would replead Count III as a per se FDUTPA claim predicated on Fla. Stat. § 817.41's misleading advertising prohibition. *See id.* But every element of that theory rests on 340B. The alleged misrepresentation is that Lilly represented that it "offers 340B discounts" and agreed to charge no more than the ceiling price. *Id.* (citing Compl. ¶¶ 58, 142). The alleged "falsity" is that Lilly does

not, in fact, offer 340B discounts to "covered entities that declined its data demand," Mot. 8 (citing Compl. ¶ 33), a condition Lilly publicly announced, Compl. ¶ 6. And the alleged injury is Lilly's "denial of 340B pricing." Mot. 8 (citing Compl. ¶ 91). That is the same theory underlying TGH's misrepresentation claim. And as Lilly explains in the Motion to Dismiss and supporting Reply, TGH cannot prove a misrepresentation or misleading advertising without establishing that Lilly's condition violates 340B—the precise question *Astra* and HRSA's ADR scheme reserve to the federal government. Mot. to Dismiss 10–17; Reply for Mot. to Dismiss 2–3. So TGH's proposed amended Count III runs into the same problems that already exist as to Count II. *See id.*

*Markland* is instructive. There, a state-law marketing claim was preempted because "it is only because of the existence of the FDCA's restrictions" that the defendant's conduct was allegedly improper. *Markland v. Insys Therapeutics, Inc.*, 270 F. Supp. 3d 1318, 1329–30 (M.D. Fla. 2017), *aff'd per curiam*, 758 F. App'x 777 (11th Cir. 2018). So too here. Although TGH "couches" Count III in the language of misrepresentation, it "cannot escape the fact that crucial to [its] allegations" is its theory that Lilly violated its obligations under the federal 340B program. *See id.*; *In re Zantac (Ranitidine) Prods. Liab. Litig.*, 548 F. Supp. 3d 1225, 1256 (S.D. Fla. 2021) (denying leave where amended claims rested on the same preempted conduct). Whatever state-law theory TGH chooses, the result is the same: TGH's claims fail as a matter of law.

*Finally*, TGH's attempt to create a mandatory one-chance-to-amend rule ignores that the cited cases involved fact-based pleading defects, not legal deficiencies. For example, in *Bryant v. Dupree*, the Eleventh Circuit held that the asserted claims required the plaintiff to plead "facts" with particularity and that plaintiffs are given an opportunity to plead those facts "where a more carefully drafted complaint might state a claim." 252 F.3d 1161, 1163 (11th Cir. 2001) (alteration omitted). Similarly, in TGH's principal case, *Blow v. Carnival Corp.*, the court granted leave only after dismissing the complaint as a "shotgun pleading" because of its "habitual" and "ambiguous" use of "and/or" (*i.e.*, a quintessential drafting defect). Mot. Ex. 3 at 1–2. (And, as previously noted, after initially allowing amendment to cure that pleading defect, the *Blow* court subsequently denied a conditional motion for leave to amend. *See supra at* 1–2; *Blow*, 674 F. Supp. 3d at 1255.) Neither case created a per se rule that one amendment is required even when legal deficiencies render amendment futile. Indeed, both cases explicitly recognize that leave is properly denied when "amendment would be futile." *Blow*, 674 F. Supp. 3d at 1255; *Bryant*, 252 F.3d at 1163 ("A district court need not, however, allow an amendment … where amendment would be futile.").

In short, TGH has identified no true pleading deficiency that could be cured by amending its Complaint. The problems with TGH's Complaint are legal and fundamental. Because "the complaint as amended would still be properly dismissed," leave to amend should be denied. *Cockrell*, 510 F.3d at 1310.

## CONCLUSION

The Court should deny TGH's Conditional Motion for Leave to Amend as futile and dismiss the Complaint with prejudice.

Respectfully submitted,

/s/ A. Lee Bentley, III
A. Lee Bentley, III, Lead Counsel
Giovanni P. Giarratana
**BRADLEY ARANT BOULT CUMMINGS LLP**
1001 Water Street, Suite 1000
Tampa, FL 33602
Telephone: (813) 559-5500
lbentley@bradley.com
ggiarratana@bradley.com

/s/ John O'Quinn
John C. O'Quinn, P.C.
**KIRKLAND & ELLIS LLP**
1301 Pennsylvania Avenue, N.W.,
Washington, D.C. 20004
Telephone: (202) 389-5191
john.oquinn@kirkland.com

J. Matthew Rice
**KIRKLAND & ELLIS LLP**
150 3rd Avenue S.
Nashville, TN 37201
Telephone: (629) 222-0165
matthew.rice@kirkland.com

Marianna C. Chapleau
Dayron Silverio
**KIRKLAND & ELLIS LLP**
830 Brickell Plaza
Miami, FL 33131
Telephone: (305) 432-5687
mchapleau@kirkland.com
dayron.silverio@kirkland.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 2, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which provided electronic service upon all counsel of record.

*/s/* A. Lee Bentley, III
Counsel of Record