**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

FLORIDA HEALTH SCIENCES
CENTER, INC.,

Plaintiff,

v. Case No. 8:26-cv-1918-WFJ-LSG

ELI LILLY AND COMPANY and
LILLY USA, LLC,

Defendants.
_________________________________/

# ORDER

This matter came before the Court upon Defendant Lilly's Motion to Dismiss. Dkt. 20. The Court reviewed the multiple pleadings on the matter, and took oral argument. The Motion is granted without prejudice. Any amended complaint is due within 30 days.

Plaintiff is a participant purchaser of the discounted pharmaceuticals provided by Lilly under Section 340B of the Public Health Services Act, 42 U.S.C. § 256b. The 340B program is a federal program that pharmaceutical companies participate in to provide discounted drugs in some situations to specified health-care facilities.

The 340B program is superintended by a unit of the Department of Health and Human Services ("HHS"). The Supreme Court has noted that "Congress

authorized no private right of action for under §340B for covered entities who claim they have been charged prices exceeding the [340B] statutory ceiling." *Astra, USA, Inc. v. Santa Clara County, Cal.,* 562 U.S. 110, 113 (2011).

In *Astra,* the Supreme Court encountered a case similar, but not identical, to the instant one. The plaintiff purchaser sought to sue under 340B as a third-party beneficiary of the agreement between the pharmaceutical supplier and HHS. The Supreme Court found no such right to sue, using fairly strong and broad language. The Court stated:

> Congress placed the Secretary…in control of §340B's drug-price prescriptions. That control could not be maintained were potentially thousands of covered entities permitted to bring suits alleging errors in manufacturers' price calculations.

*Id.* at 114. The Court stated "[n]o matter the clothing in which the [340B entities] dress their claims," those claims are barred as the pricing and supply of these discounted drugs are under the superintendence of the HHS, not the market participants. *Id.* (citation omitted).

The Court made clear that there is simply no private remedy to superintend the pricing and provision of these discounted drugs. *Id.* at 117-118. The undersigned need not belabor and repeat the entirety of the *Astra* logic here. Suffice it to say, the Florida statutory causes of action brought by Plaintiff seek to enforce the provision of pharmaceuticals under this federal discount program, free of the data the vendor wishes to obtain concerning disposition of those discounted

dosages. To permit this suit would be to encourage piecemeal litigation and defeat the Court's insistence on maintaining the Congressional plan "harmoniously and on a uniform, nationwide basis." *Id.* at 120. The Court eschewed permitting "340B entities to launch lawsuits in district courts across the country." *Id.* at 121.

This does not mean that Plaintiff is without remedy. A fairly full set of remedies is available from the HHS' administrative dispute provisions, found at 89 Fed. Reg. 28657. The instant claims appear to be contemplated by this ADR provision, and the result may be subject to judicial review.

**DONE AND ORDERED** at Tampa, Florida, on November 18, 2026.

**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**<u>COPIES FURNISHED TO</u>:**
Counsel of record